December 29, 2021

United States District Court
District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, Maryland 20770
301-344-0660

To whom it may concern:

This letter to the judge represents a request for legal representation in a civil case based on the fact the Plaintiff is in need of legal counsel and unable to afford a lawyer.

The discrimination case originally submitted to the EEOC and based on alternative dispute resolution has evolved into four new cases.

1. Slander
2. Fraud
3. Intentional harassment
4. Damages

Judith Spragale
Plaintiff

"(C) in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000; and

"(D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

**PURPOSES OF 1991 AMENDMENT** Pub. L. 102-166, §3, Nov. 21, 1991, 105 Stat. 1071, provided that: "The purposes of this Act [see Short Title of 1991 Amendment note above] are- "(1) to provide appropriate remedies for **intentional discrimination and unlawful harassment in the workplace**;"(2) to codify the concepts of 'business necessity' and 'job related' enunciated by the Supreme Court in Griggs v. Duke Power Co., 401 U.S. 424 (1971), and in the other Supreme Court decisions prior to Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989);"(3) to confirm statutory authority and provide statutory

guidelines for the adjudication of disparate impact suits under title VII of the Civil Rights Act of 1964 ( 42 U.S.C. 2000e et seq.); and "(4) to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination."

**ALTERNATIVE MEANS OF DISPUTE RESOLUTION** *Pub. L. 102-166, title I, §118, Nov. 21, 1991, 105 Stat. 1081, provided that: "Where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including settlement negotiations, conciliation, facilitation, mediation, factfinding, minitrials, and arbitration, is encouraged to resolve disputes arising under the Acts or provisions of Federal law amended by this title [enacting section 1981a of this title and amending this section, sections 1988, 2000e, 2000e-1, 2000e-2, 2000e-4, 2000e-5, 2000e-16, 12111, and 12112 of this title, and section 626 of Title 29, Labor]."*

### Title 18, U.S.C., Section 241 - Conspiracy Against Rights

This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same).

It further makes it unlawful for two or more persons to go in disguise on the highway or on the premises of another with the intent to prevent or hinder his/her free exercise or enjoyment of any rights so secured.

Punishment varies from a fine or imprisonment of up to ten years, or both; and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title or imprisoned for any term of years, or for life, or may be sentenced to death.

### Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law

This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race.

Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any law," the unlawful acts must be done while such official is purporting or pretending to act in the

performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc., persons who are bound by laws, statutes ordinances, or customs.

Punishment varies from a fine or imprisonment of up to one year, or both, and if bodily injury results or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined or imprisoned up to ten years or both, and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

**Title 18, U.S.C., Section 245 - Federally Protected Activities**
1) This statute prohibits willful injury, intimidation, or interference, or attempt to do so, by force or threat of force of any person or class of persons because of their activity as:

A voter, or person qualifying to vote...
a participant in any benefit, service, privilege, program, facility, or activity provided or administered by the United States;
an applicant for federal employment or an employee by the federal government;
a juror or prospective juror in federal court; and
a participant in any program or activity receiving Federal financial assistance.
2) Prohibits willful injury, intimidation, or interference or attempt to do so, by force or threat of force of any person because of race, color, religion, or national origin and because of his/her activity as:

A student or applicant for admission to any public school or public college;
a participant in any benefit, service, privilege, program, facility, or activity provided or administered by a state or local government;
an applicant for private or state employment, private or state employee; a member or applicant for membership in any labor organization or hiring hall; or an applicant for employment through any employment agency, labor organization or hiring hall;
a juror or prospective juror in state court;
a traveler or user of any facility of interstate commerce or common carrier; or
a patron of any public accommodation, including hotels, motels, restaurants, lunchrooms, bars, gas stations, theaters...or any other establishment which serves the public and which is principally engaged in selling food or beverages for consumption on the premises.
3) Prohibits interference by force or threat of force against any person because he/she is or has been, or in order to intimidate such person or any other person or class of persons from participating or affording others the opportunity or protection to so participate, or lawfully aiding or encouraging other persons to participate in any of the benefits or activities listed in items (1) and (2), above without discrimination as to race, color, religion, or national origin.

Punishment varies from a fine or imprisonment of up to one year, or both, and if bodily injury results or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined or imprisoned up to ten years or both, and if death results or if such acts include

kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be subject to imprisonment for any term of years or for life or may be sentenced to death.

**Title 42, U.S.C., Section 3631 - Criminal Interference with Right to Fair Housing**
This statute makes it unlawful for any individual(s), by the use of force or threatened use of force, to injure, intimidate, or interfere with (or attempt to injure, intimidate, or interfere with), any person's housing rights because of that person's race, color, religion, sex, handicap, familial status or national origin. Among those housing rights enumerated in the statute are:

The sale, purchase, or renting of a dwelling;
the occupation of a dwelling;
the financing of a dwelling;
contracting or negotiating for any of the rights enumerated above;
applying for or participating in any service, organization, or facility relating to the sale or rental of dwellings.
This statute also makes it unlawful by the use of force or threatened use of force, to injure, intimidate, or interfere with any person who is assisting an individual or class of persons in the exercise of their housing rights.

Punishment varies from a fine of up to $1,000 or imprisonment of up to one year, or both, and if bodily injury results, shall be fined up to $10,000 or imprisoned up to ten years, or both, and if death results, shall be subject to imprisonment for any term of years or for life.